IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARIUS GAINES,

    Petitioner,               No. CIV S-04-0018 FCD GGH P

    vs.

DARREL WARDEN, et al.,

    Respondents.          ORDER

_____/

        Petitioner has requested ex parte, pursuant to Fed. R. Crim. P. 17, to subpoena a non-party witness for evidentiary hearing to be held in the Eastern District of California where the witness is located outside of California and far more distant than 100 miles from the Eastern District courthouse. The request has been made ex parte, presumably pursuant to the provision in 18 U.S.C. § 3006A(e) – "other services." Because neither the criminal rule cited nor § 3006A(e) is applicable to this subpoena request made in a habeas corpus proceeding, and because civil trial subpoenas do not have nationwide reach, petitioner's request is denied. However, should the witness voluntarily travel to California, the court will permit the provisions of § 3006A to be used to reimburse the witness.

        Habeas corpus proceedings possess a curious blend of civil and criminal attributes, as well as possessing their own special procedures (Rules Governing § 2254 cases).

1

However, for the most part, habeas corpus is a civil proceeding. <u>See</u> <u>Bean v. Calderon</u>, 166 F.R.D. 452, 453 (E.D. Cal. 1996); <u>Blum v. Housewright</u>, 113 F.R.D. 676 (D. Nev. 1987) (involving subpoenas in a habeas corpus action). Civil practice rules generally apply; Fed. R. Civ. P. 81(a)(2) provides: "These rules are applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in the statutes of the United States, The Rules Governing Section 2254 Cases . . . and has heretofore conformed to the practice in civil actions." The Rules Governing § 2254 cases do not discuss subpoena practice; thus, one must look elsewhere for the appropriate procedure. Title 28 U.S.C. § 1825 governs the payment of fees associated with the service of habeas corpus subpoenas, but does not apply to their issuance. No rule reflects that habeas corpus subpoenas are issued pursuant to Fed. R. Crim. P. 17. <u>See</u> Fed. R. Crim. P. 1(a): "These rules govern the proceedings in all *criminal* proceedings in the United States district courts . . . ." Ultimately, because the default procedures in habeas corpus proceedings are the Federal Rules of Civil Procedure, Rule 45 is the rule applicable to petitioner's request. <u>Blum v. Housewright</u>, 113 F.R.D. at 676.[1]

      The court would have no difficulty in interpreting the present request as one made pursuant to Fed. R. Civ. P. 45 except for the fact that a subpoena for trial[2] in the district courts are limited to the locations set forth in Rule 45(b)(2) and 45(c)(3)(A)(ii). In general, civil subpoenas are limited to locations within 100 miles from the site of the deposition, hearing, etc., and additionally, at any location within the state where the trial (or evidentiary hearing) will be held if a state statute or rule exists permitting state-wide service. However, even for a trial

---

[1] 18 U.S.C. § 3006A(e) "other services" provisions do not provide that subpoena practice is to be governed by criminal rules. The general "other services" mentioned in subsection (e) are those akin to the specific services referenced therein, i.e., investigative or expert services. This conclusion is buttressed by the fact that the acquisition of such "out of court" services are to be provided "ex parte" with the requests sealed, a procedure that is the antithesis of subpoenas in civil actions.

[2] The court views an evidentiary hearing in habeas corpus the same as trial for purposes of Rule 45.

subpoena served within the state where the trial will take place, subject to one exception, subpoenas "shall" be quashed if the witness will be required to travel more than 100 miles from the witness' residence or place of business to the trial, hearing, etc.

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
> (i) . . .
> (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, . . . .

Fed. R. Civ. P. 45(c)(3)(A).

The one exception to the distance limitations is set forth in Subsection B of 45(c)(3):

> If a subpoena
> (i) . . .
> (ii) . . .
> (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may . . ., if the party in whose behalf the subpoena is issued shows a substantial need for the testimony . . . and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

Fed. R. Civ. P. 45(c)(3)(B)(iii).

There is some dispute whether this last related exception permits a court to dispense with the "in-state" limitation.  See Siegel, *Practice Commentaries,* which is set forth in the West Publishing Co. version of United States Code Annotated, Title 28, Rule 45 at section C45-16.  Siegel believes an argument can be made for de facto nationwide service of garden variety civil subpoenas[3] because the exception clause quoted above does not itself limit the

---

[3] There is no doubt that if a specific statute of the United States permits nationwide service of a subpoena, this federal court would have the authority to issue the subpoena compelling attendance of out-of-state witnesses.

exception to "within a state." On the other hand, a noted treatise has stated: "A non-party who is not within the state in which the district court sits and not within 100 miles of the court may not be compelled to attend a hearing or trial." Wright and Miller, *9th Federal Practice and Procedure Civil 2d* § 2461 (Rule 45) at 62 (West 1995). See also *9 Moore's Federal Practice*, §§ 45.03[4][c], 45.04[3][b], [c] (3d ed. 1997).

Case authority on the issue, post the 1991 amendments to Rule 45, is sparse, and for the most part, tangential. For example, in Arnett v. Lewis, 870 F. Supp. 1514, 1519 (D. Ariz. 1994), where the potential of calling California witnesses to a Phoenix, Arizona evidentiary hearing was at issue, the court stated that it had reviewed Rule 45(c)(3)(B)(iii) with the inference that the court might well have subpoenaed the witnesses if depositions had not been an easier or better way to go. But, the court never analyzed its subpoena authority within the opinion. The court in Sargent v. Sun Trust Bank, 2004 WL 1630081 (N.D. Tex. 2004) intimated in a forum non conveniens context that it might have the authority to compel Florida witnesses to appear in Texas, but again, there was no analysis of the rule. See also Chung v. Chrysler Corp., 903 F. Supp. 160, 164-65 (D.D.C. 1995) (forum non conveniens case in which the court found that witnesses in New York were "far beyond" the subpoena power of the D.C. court).

However, the court finds the literal reading and organization of Rule 45 to weigh against giving the federal courts, in essence, a backdoor way of asserting nationwide jurisdiction to serve subpoenas. If, as in this case, the state would permit state-wide service of subpoenas for trial, and California does, Cal. Code Civ. Proc. § 1989, the Eastern District subpoena could be served anywhere in California. Rule 45(b)(2). However, the subpoena shall still be quashed on objection if the subpoenaed person would have to travel more than 100 miles to the courthouse from her residence or business, clause (c)(3)(A) (ii), *except* where clause (c)(3)(B)(iii), upon a finding of substantial need, would permit an order compelling attendance upon payment of expenses regardless of the distance to be traveled. As organized, the exception clearly relates only to the geographical limits of the court's service jurisdiction in the first place; the exception

clause is not a stand alone provision which trumps or expands the initially stated geographical limitations. If such expansion were intended, there would have been many better and clearer ways of expanding the geographical limitations. In other words, clause (b)(2) sets the limitation, including statewide service jurisdiction, clause (c)(3)(A)(ii) is an exception to the statewide service jurisdiction, and clause (c)(3)(B)(iii) is an exception to the exception. All of the clauses are related.

Finally, if clause (c)(3)(B)(iii) really did permit nationwide service of subpoenas as a general rule, there would be little need for those infrequent statutes which expressly provide for nationwide service.

ACCORDINGLY, petitioner's request to subpoena an out-of-state witness, who resides in Indiana, much further than 100 miles from this courthouse, is denied. Nevertheless, petitioner's counsel has represented that the witness is willing to travel to California as long as she is compensated. If this is indeed the fact, and a subpoena is not required, the court views such a request as an "other services needed for representation" request under 18 U.S.C. § 3006A. Petitioner's counsel has set forth good cause for the appearance of this witness at the evidentiary hearing, i.e., she was personally present when petitioner's attorney represented the terms of the plea agreement. Therefore, petitioner may request reimbursement from the Federal Defender's office (the entity which administers § 3006A in this district), or may secure advance travel authorization from that office.[4]

DATED: 5/9/05

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:gh:035 - gain0018.sub

---

[4] While some might at first question why the court has explained at length why a subpoena cannot issue, but that the witness may be reimbursed from Criminal Justice Act money, the answer is twofold: voluntary appearance and budgetary. Under the court's order the witness may not be compelled to travel, but if she agrees to travel, the travel reimbursement will be paid under the Criminal Justice Act budget and not that of the United States Marshal. Whose budgetary ox is gored is a topic of no small consequence in today's administration of justice.