1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DARIUS GAINES,

11              Petitioner,                    No. CIV S-04-0018 FCD GGH P

12        vs.

13    DARREL WARDEN, et al.,

14              Respondents.                   ORDER (AMENDED)

15    _____/

16              Petitioner has requested ex parte, pursuant to Fed. R. Crim. P. 17, to subpoena a

17    non-party witness for evidentiary hearing to be held in the Eastern District of California where

18    the witness is located outside of California and far more distant than 100 miles from the Eastern

19    District courthouse.  The request has been made ex parte, presumably pursuant to the provision in

20    18 U.S.C. § 3006A(e) – "other services."  Because neither the criminal rule cited nor § 3006A(e)

21    is applicable to this subpoena request made in a habeas corpus proceeding, and because civil trial

22    subpoenas do not have nationwide reach, petitioner's request is denied.  However, should the

23    witness voluntarily travel to California, the court will permit the provisions of § 3006A to be

24    used to reimburse the witness.

25              Habeas corpus proceedings possess a curious blend of civil and criminal

26    attributes, as well as possessing their own special procedures (Rules Governing § 2254 cases).

1

1  However, for the most part, habeas corpus is a civil proceeding.  See Bean v. Calderon, 166

2  F.R.D. 452, 453 (E.D. Cal. 1996); Blum v. Housewright, 113 F.R.D. 676 (D. Nev. 1987)

3  (involving subpoenas in a habeas corpus action).  Civil practice rules generally apply; Fed. R.

4  Civ. P. 81(a)(2) provides:  "These rules are applicable to proceedings for . . . habeas corpus . . . to

5  the extent that the practice in such proceedings is not set forth in the statutes of the United States,

6  The Rules Governing Section 2254 Cases . . . and has heretofore conformed to the practice in

7  civil actions."  The Rules Governing § 2254 cases do not discuss subpoena practice; thus, one

8  must look elsewhere for the appropriate procedure.  Title 28 U.S.C. § 1825 governs the payment

9  of fees associated with the service of habeas corpus subpoenas, but does not apply to their

10  issuance.  No rule reflects that habeas corpus subpoenas are issued pursuant to Fed. R. Crim. P.

11  17.  See Fed. R. Crim. P. 1(a):  "These rules govern the proceedings in all *criminal* proceedings

12  in the United States district courts . . . ."  Ultimately, because the default procedures in habeas

13  corpus proceedings are the Federal Rules of Civil Procedure, Rule 45 is the rule applicable to

14  petitioner's request.  Blum v. Housewright, 113 F.R.D. at 676.[1]

15      The court would have no difficulty in interpreting the present request as one made

16  pursuant to Fed. R. Civ. P. 45 except for the fact that a subpoena for trial[2] in the district courts

17  are limited to the locations set forth in Rule 45(b)(2) and 45(c)(3)(A)(ii).  In general, civil

18  subpoenas are limited to locations within 100 miles from the site of the deposition, hearing, etc.,

19  and additionally, at any location within the state where the trial (or evidentiary hearing) will be

20  held if a state statute or rule exists permitting state-wide service.  However, even for a trial

21

22      [1]  18 U.S.C. § 3006A(e) "other services" provisions do not provide that subpoena practice
is to be governed by criminal rules.  The general  "other services" mentioned in subsection (e) are

23  those akin to the specific services referenced therein, i.e., investigative or expert services.  This
conclusion is buttressed by the fact that the acquisition of such "out of court" services are to be

24  provided "ex parte" with the requests sealed, a procedure that is the antithesis of subpoenas in
civil actions.

25

26      [2]  The court views an evidentiary hearing in habeas corpus the same as trial for purposes
of Rule 45.

subpoena served within the state where the trial will take place, subject to one exception,
subpoenas "shall" be quashed if the witness will be required to travel more than 100 miles from
the witness' residence or place of business to the trial, hearing, etc.

> On timely motion, the court by which a subpoena was issued shall
> quash or modify the subpoena if it
> (i) . . .
> (ii)  requires a person who is not a party or an officer of a party to
> travel to a place more than 100 miles from the place where that
> person resides, is employed or regularly transacts business in
> person, except that, subject to the provisions of clause (c)(3)(B)(iii)
> of this rule, such a person may in order to attend trial be
> commanded to travel from any such place within the state in which
> the trial is held, . . . .

Fed. R. Civ. P. 45(c)(3)(A).

The one exception to the distance limitations is set forth in Subsection B of 45(c)(3):

> If a subpoena
> (i) . . .
> (ii) . . .
> (iii)  requires a person who is not a party or an officer of a party to
> incur substantial expense to travel more than 100 miles to attend
> trial, the court may . . ., if the party in whose behalf the subpoena is
> issued shows a substantial need for the testimony . . . and assures
> that the person to whom the subpoena is addressed will be
> reasonably compensated, the court may order appearance or
> production only upon specified conditions.

Fed. R. Civ. P. 45(c)(3)(B)(iii).

There is some dispute whether this last related exception permits a court to
dispense with the "in-state" limitation.  See Siegel, *Practice Commentaries,* which is set forth in
the West Publishing Co. version of United States Code Annotated, Title 28, Rule 45 at section
C45-16.  Siegel believes an argument can be made for de facto nationwide service of garden
variety civil subpoenas[3] because the exception clause quoted above does not itself limit the

---

[3]  There is no doubt that if a specific statute of the United States permits nationwide
service of a subpoena, this federal court would have the authority to issue the subpoena
compelling attendance of out-of-state witnesses.

1   exception to "within a state." On the other hand, a noted treatise has stated: "A non-party who is

2   not within the state in which the district court sits and not within 100 miles of the court may not

3   be compelled to attend a hearing or trial." Wright and Miller, *9th Federal Practice and*

4   *Procedure Civil 2d* § 2461 (Rule 45) at 62 (West 1995). See also *9 Moore's Federal Practice*,

5   §§ 45.03[4][c], 45.04[3][b], [c] (3d ed. 1997).

6          Case authority on the issue, post the 1991 amendments to Rule 45, is sparse, and

7   for the most part, tangential. For example, in Arnett v. Lewis, 870 F. Supp. 1514, 1519 (D. Ariz.

8   1994), where the potential of calling California witnesses to a Phoenix, Arizona evidentiary

9   hearing was at issue, the court stated that it had reviewed Rule 45(c)(3)(B)(iii) with the inference

10  that the court might well have subpoenaed the witnesses if depositions had not been an easier or

11  better way to go. But, the court never analyzed its subpoena authority within the opinion. The

12  court in Sargent v. Sun Trust Bank, 2004 WL 1630081 (N.D. Tex. 2004) intimated in a forum

13  non conveniens context that it might have the authority to compel Florida witnesses to appear in

14  Texas, but again, there was no analysis of the rule. See also Chung v. Chrysler Corp., 903 F.

15  Supp. 160, 164-65 (D.D.C. 1995) (forum non conveniens case in which the court found that

16  witnesses in New York were "far beyond" the subpoena power of the D.C. court).

17         However, the court finds the literal reading and organization of Rule 45 to weigh

18  against giving the federal courts, in essence, a backdoor way of asserting nationwide jurisdiction

19  to serve subpoenas. If, as in this case, the state would permit state-wide service of subpoenas for

20  trial, and California does, Cal. Code Civ. Proc. § 1989, the Eastern District subpoena could be

21  served anywhere in California. Rule 45(b)(2). However, the subpoena shall still be quashed on

22  objection if the subpoenaed person would have to travel more than 100 miles to the courthouse

23  from her residence or business, clause (c)(3)(A) (ii), *except* where clause (c)(3)(B)(iii), upon a

24  finding of substantial need, would permit an order compelling attendance upon payment of

25  expenses regardless of the distance to be traveled. As organized, the exception clearly relates

26  only to the geographical limits of the court's service jurisdiction in the first place; the exception

clause is not a stand alone provision which trumps or expands the initially stated geographical

limitations.  If such expansion were intended, there would have been many better and clearer

ways of expanding the geographical limitations.  In other words, clause (b)(2) sets the limitation,

including statewide service jurisdiction, clause (c)(3)(A)(ii) is an exception to the statewide

service jurisdiction, and clause (c)(3)(B)(iii) is an exception to the exception.  All of the clauses

are related.

Finally, if clause (c)(3)(B)(iii) really did permit nationwide service of subpoenas

as a general rule, there would be little need for those infrequent statutes which expressly provide

for nationwide service.

ACCORDINGLY, petitioner's request to subpoena an out-of-state witness, who

resides in Indiana, much further than 100 miles from this courthouse, is denied.  Nevertheless,

petitioner's counsel has represented that the witness is willing to travel to California as long as

she is compensated.  If this is indeed the fact, and a subpoena is not required, the court views

such a request as an "other services needed for representation" request under 18 U.S.C. § 3006A.

Petitioner's counsel has set forth good cause for the appearance of this witness at the evidentiary

hearing, i.e., she was personally present when petitioner's attorney represented the terms of the

plea agreement.  Therefore, petitioner may request reimbursement from the Federal Defender's

office (the entity which administers § 3006A in this district), or may secure advance travel

authorization from that office.

*Motion for Reconsideration*

Petitioner moves for reconsideration of the court's order entered on May 9, 2005

based on his discussions with the CJA Panel Attorney Administrator of this district.  According

to the CJA Panel administrator, but without citation to authority, the issuance of Fed.Crim.P. 17

subpoenas in habeas corpus cases is the "normal procedure in this district."  The CJA

Administrator also suggests that in any event, an order to the U.S. Marshal pursuant to 28 U.S.C.

§ 1825 will rectify the problem.  The CJA Administrator avers that she has no authority under 18

U.S.C. § 3006A (the Criminal Justice Act) to pay for the travel and subsistence of the witness

(Lawanda Jordan) who resides in Indiana because her administrative superiors inform her that the

CJA does not authorize payments if the payment is other wise authorized under § 1825.

Insofar as reconsideration is requested to have the subpoena issued pursuant to the

"normal procedures in this district," the request for reconsideration is denied.  "Normal

procedures" do not trump the law, not do they give authority where the law does not give such

authority.  The road to legal error is paved with orders based on unanalyzed "normal procedures."

While nothing in § 3006A would seemingly preclude the payment of otherwise

unavailable witness fees under the "services other than counsel" section of § 3006A (e), the

undersigned will afford deference to the administrators of the CJA, and assume payment is

unavailable from this source pursuant to their *ipse dixit.*  However, upon close inspection of the

pertinent statute, the court agrees that the U.S. Marshal may be ordered to pay the fees (including

travel and subsistence) for non-expert witnesses who cannot be otherwise subpoenaed.

Title 28 U.S.C. § 1825(b) provides:

> (b) In proceedings in forma pauperis for a writ of habeas corpus, and in
> proceedings in forma pauperis under section 2255 of this title, the United States
> marshal for the district shall pay, on the certificate of the district judge, all fees of
> witnesses for the party authorized to proceed in forma pauperis, except that any
> fees of witnesses for such party, other than experts, appearing pursuant to
> subpoenas issued upon approval of the court, shall be paid by the United States
> marshal for the district--
>> (1) on the certificate of a Federal public defender or assistant
>> Federal public defender, in any such proceedings in which a party
>> is represented by such Federal public defender or assistant Federal
>> public defender, and
>> (2) on the certificate of the clerk of the court upon the affidavit of
>> such witnesses' attendance given by other counsel appointed
>> pursuant to section 3006A of title 18, in any such proceedings in
>> which a party is represented by such other counsel.

Thus, although payment may be only authorized on subpoenas (validly) issued by counsel and the

clerk, the court is not so constrained.  The first four lines of § 1825(b) are not limited to witness

fees incurred pursuant to a subpoena.  The court must assume that Congress purposefully

1   differentiated between fees authorized by the judge[4] (not limited to fees issued upon subpoena)

2   and those fees which were only authorized upon  issuance of subpoenas as requested by counsel.

3          Accordingly,

4          IT IS HEREBY ORDERED that the United States Marshal shall pay the travel,

5   subsistence and witness fees authorized by 28 U.S.C. § 1821 for the appearance of Lawanda

6   Jordan at evidentiary hearing before the undersigned to be held on July 26, 2005.  Petitioner's

7   counsel is directed to coordinate the logistics of travel of his witness with the United States

8   Marshal.

9   The Clerk shall serve the United States Marshal with this order and Cynthia Compton of the

10  Office of the Federal Defender.

11  DATED: 7/15/05

12                                      /s/ Gregory G. Hollows

13          _____

14                          UNITED STATES MAGISTRATE JUDGE

15  GGH:gh:035 - gain0018.sub

16

17

18

19

20

21

22

23

24
_____

25     [4]In this district, the district judge duties authorized by this statute have been delegated to
    magistrate judges pursuant to 28 U.S.C. 636 (b)(1)(B) and (b)(3), and Eastern District, CA Local
26  Rule 72-302 (c)(17).